# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DORIS ANN SHAFFER AND ANTHONY R. SHAFFER, SR.** | * **CIVIL ACTION NO.:** |
| | * |
| | * **JUDGE:** |
| **VERSUS** | * |
| | * **MAGISTRATE JUDGE:** |
| **JAMES R. HESTER, GREYHOUND BUS COMPANY AND XYZ INSURANCE COMPANY** | * |
| | * **JURY DEMAND** |
| | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendants, Greyhound Lines, Inc. ("Greyhound") erroneously referred to as Greyhound Bus Company and James R. Hester (collectively "Defendants"), by and through undersigned counsel, hereby submit this Notice of Removal of the state court action referenced herein to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. Pursuant to U.S.C. §§ 1441 and 1446, venue is proper in this district and division, which embraces the Nineteenth Judicial District Court for the Parish of East Baton Rouge. This Court has original jurisdiction of this action under 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship amongst the properly joined parties. Pursuant to 28 U.S.C. § 1441(b) the citizenship of fictitiously named "XYZ Insurance Company" shall be disregarded. Otherwise, diversity exists pursuant to 28 U.S.C. § 1332(a). In support of its removal, Defendants respectfully aver as follows:

# BACKGROUND

### I.

On December 13, 2019, Doris Ann Shaffer and Anthony R. Shaffer, Sr. ("Plaintiffs"), filed a Petition for Damages entitled *"Doris Ann Shaffer and Anthony R. Shaffer, Sr. versus James R. Hester, Greyhound Bus Company and XYZ Insurance Company"* bearing suit number C-691774, in the Nineteenth Judicial District Court for the Parrish of East Baton Rouge.[1]

### II.

Plaintiff Doris Ann Shaffer asserts personal injury claims arising out of an incident that occurred on December 16, 2018, while Mrs. Shaffer was inside the Greyhound Station located at 1253 Florida Boulevard in East Baton Rouge, Louisiana.[2]

### III.

Plaintiffs allege Greyhound employee James R. Hester abandoned a bag directly in Mrs. Shaffer's path without warning.[3] Plaintiffs allege as Mrs. Shaffer turned around to proceed forward, she fell over the discarded bag, sustaining a fractured knee.[4]

### IV.

Plaintiffs allege the sole and proximate cause of Mrs. Shaffer's injuries and damages sustained was the joint, concurrent, successive, and solidary negligence of Greyhound and/or the negligence of employees for whom Greyhound is vicariously liable.[5]

---

[1] See Plaintiffs' Petition for Damages, attached as Exhibit 1.
[2] Exh. 1, ¶ III.
[3] Exh. 1, ¶ III.
[4] Exh. 1, ¶ III.
[5] Exh. 1, ¶ VII.

V.

Plaintiffs allege Anthony R. Shaffer, Sr. suffered and continues to suffer loss of consortium, companionship, society, and friendship as a result of the injury and accident o his wife, Mrs. Shaffer.[6]

VI.

Plaintiffs alleged fictitiously named XYZ Insurance Company provided a policy of insurance to Greyhound and is jointly, severally, solidary and vicariously liable to Plaintiffs.[7]

VII.

Greyhound was served with the Petition for Damages and consents to Removal.

VIII.

James R. Hester was served with the Petition for Damages and consents to Removal.

**DIVERSITY OF CITIZENSHIP**

IX.

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter based upon complete diversity of citizenship.

X.

The Petition alleges Plaintiffs are domiciliaries of Louisiana.[8] Accordingly, Plaintiffs are considered citizens of Louisiana for the purposes of diversity jurisdiction.

XI.

Greyhound is incorporated in the State of Delaware, with its principle place of business in Ohio. Therefore, Greyhound is a citizen of Delaware and Ohio.

---

[6] Exh. 1, ¶ IX.
[7] Exh. 1, ¶ XIV.
[8] Exh. 1.

XII.

The Petition fictitiously named Greyhound's insurer XYZ Insurance Company. Pursuant to 28 U.S.C. 1441(b) the citizenship of defendants sued under fictitious names shall be disregarded.

XIII.

James R. Hester is a domiciliary of Tennessee.[9] Accordingly, James R. Hester is considered a citizen of Tennessee for the purposes of diversity jurisdiction.

XIV.

Accordingly, pursuant to 28 U.S.C. § 1332, this court has jurisdiction over this matter based upon complete diversity of citizenship among the Plaintiffs and properly joined and served defendants.

## **AMOUNT IN CONTROVERSY**

XV.

When initially filed, the Petition was not removable on its face, as it did not affirmatively assert that the amount in controversy was sufficient to invoke federal jurisdiction and is altogether silent as to the amount of damages claimed. Plaintiff's asserted injuries included an allegation of a fractured patella and recommended surgery.[10]

XVI.

Plaintiff treated conservatively with Dr. Ricardo Rodriguez and Dr. Nick Hatzis from December 17, 2018 until December 12, 2019 for her fractured patella and a partial right shoulder

---

[9] *See* Affidavit of James R. Hester, attached as Exhibit 2. The affidavit executed by James R. Hester will be supplemented upon receipt.
[10] Exh. 1, ¶ VI.

cuff tear.[11] She was not interested in a possible scope of the right shoulder and instead underwent

71 treatments of physical therapy from January 28, 2019 until February 11, 2020.[12]

## XVII.

Following a gap in treatment due to Covid-19, Plaintiff returned to Dr. Rodriguez on July

15, 2020. Dr. Rodriguez concluded Plaintiff was stable and did not require a right shoulder scope.[13]

Plaintiff returned to Dr. Hatzis on August 5, 2020, who concluded Plaintiff's shoulder complaints

were related to possible cervical disc disease.[14]

## XVIII.

On September 29, 2020, Plaintiff provided Defendants with medical records, which reflect

that in addition to a fractured patella, Plaintiff also claims to have suffered a partial tear to the left

rotator cuff, a herniated disc at L4-5, an injury to her facet joints at L3, L4, and L5 which warrant

medial branch blocks, and depending on the results of the blocks, rhizotomies may and likely will

be warranted.[15]

## XIX.

The known incurred medical expenses to date are $25,466.50.

## XX.

Considering Plaintiff's fractured patella and right shoulder injury and expenses already

incurred, additional general damage awards for non-operable vertebral disc injuries can be

sufficient to satisfy the jurisdictional requirement for removal. *See Bienemy v. Capital Area Transit*

*System*, 664,936 (19th JDC 03/06/20), ($40,000 in general damages to plaintiff who received two

---

[11] Exh. 3.
[12] Exh. 3.
[13] Exh. 3, Baton Rouge Orthopaedic Clinic 07/15/2020.
[14] Exh. 3, Baton Rouge Orthopaedic Clinic 08/05/2020.
[15] Exh. 3, Baton Rouge Orthopaedic Clinic 09/28/2020.

lumbar medial branch blocks with recommendation to proceed with rhizotomy); *Thigpen v. Hollon*, 639,357 (19th JDC 04/15/19), ($35,000 in general damages to plaintiff who underwent physical therapy for a torn left rotator cuff and ruptured bicep tendon); *Franklin v. Allstate Prop. & Cas. Ins. Co.*, 658,961 (19th JDC 10/02/18), ($60,000 in general damages to plaintiff who received injections to treat L4-5 herniation); *Cole v. Allstate,* 651,428 (19th JDC 08/31/18), ($50,000 in general damages to plaintiff who received medial branch block injections to L3-4 and L4-5 with recommendation to proceed with rhizotomy); *Lafauci v. Jenkins*, 2001-2960 (La.App. 1 Cir. 01/15/03), 844 So.2d 19, ($35,000 ($50,066 inflation adjusted) in general damages to plaintiff who treated conservatively for a fractured patella).

XXI.

Based on the known amount of medical expenses to date, in addition to the potential damages, the $75,000 amount in controversy requirement of 28 USC § 1332 is satisfied.

<strong><u>REMOVAL IS PROPER</u></strong>

XXII.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides that, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons… to file the notice of removal." Further, under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable." Here the Plaintiff's Petition for Damages was silent on the damages claimed. It was not until September 29, 2020, when Defendants were first provided additional medical records that Defendants were put on notice that the amount in controversy was present. Defendants have therefore removed this matter within 30 days of receipt

of these documents, and within one year of this suit being filed. Accordingly, the instant removal is timely.

### XXIII.

The United States Court for the Middle District of Louisiana is the federal judicial district embracing the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

### XXIV.

Since there is complete diversity of citizenship between Plaintiffs and the named defendants (properly joined and served) and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

### XXV.

Defendants have good and sufficient defenses to the Plaintiffs' claims for relief and disputes all rights to the relief prayed for in Plaintiffs' Petition for Damages.

WHEREFORE, Defendants, Greyhound Lines, Inc. and James R. Hester, pray that the above-entitled cause on the docket of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Middle District of Louisiana and for trial by jury and other determinations as required by law.

*Please See Next Page for Signature Block*

Respectfully submitted,

*/s/Francis F. Cannone*

PAUL J. POLITZ (BAR NO.19741)
PPOLITZ@TWPDLAW.COM
D. SCOTT RAINWATER (BAR NO. 30683)
SRAINWATER@TWPDLAW.COM
FRANCIS F. CANNONE (BAR NO. 38155)
FCANNONE@TWPDLAW.COM
TAYLOR, WELLONS, POLITZ & DUHE, APLC
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 28th day of October, 2020.

*/s/Francis F. Cannone*

TAYLOR, WELLONS, POLITZ & DUHE, APLC