EAST BATON ROUGE PARISH
Filed Dec 13, 2019 3:16 PM
Deputy Clerk of Court
C-691774

| | |
|---|---|
| DORIS ANN SHAFFER AND ANTHONY R. SHAFFER, SR. | NUMBER:          DIV:" " |
| | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | |
| | EAST BATON ROUGE PARISH |
| JAMES R. HESTER, GREYHOUND BUS COMPANY AND XYZ INSURANCE COMPANY | STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE, THE JUDGES OF THE NINETEENTH JUDICIAL DISTRICT COURT, PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA:

NOW INTO COURT comes plaintiffs, **DORIS ANN SHAFFER** and **ANTHONY R. SHAFFER, SR.**, both of the full age of majority and residents of and domiciled in the Parish of Ascension, (hereinafter Petitioner) who respectfully represents that:

I.

The following named parties are made defendants herein, to-wit:

1. GREYHOUND BUS COMPANY located at 1253 Florida Blvd, Baton Rouge, LA 70802, a domestic corporation and/or a foreign corporation authorized to do business; doing business in Louisiana as Corporation Service Company; and who can be served with process through its corporate offices P.O. Box 660691-MS 470 Dallas, TX 75266-0691 and/or Louisiana Secretary of State, 8585 Archives, Baton Rouge, Louisiana 70809; pursuant to La. R. S. 13: 3474 et. seq.;

2. XYZ INSURANCE COMPANY; a domestic corporation and/or a foreign corporation authorized to do business; doing business in Louisiana as Corporation Service Company; and who can be served with process through its Agent for service of process; The Prentice-Hall Corporation System, Inc 501 Louisiana Avenue Baton Rouge, Louisiana 70802 and/or Louisiana Secretary of State, 8585 Archives, Baton Rouge, Louisiana 70809; pursuant to La. R. S. 13: 3474 et. seq.;

3. JAMES R. HESTER, as an employee of GREYHOUND BUS COMPANY for vicarious liability, and who can be served through with process through his employer GREYHOUND BUS COMPANY, 1253 Florida Blvd, Baton Rouge, LA 70802 and/or Secretary of State 8585 Archives, Baton Rouge, Louisiana 70809; pursuant to La. R. S. 13: 3474 et seq.;

II.

The above-named defendants are responsible and liable jointly, severally, solidarily and vicariously to petitioner because of the following:

III.

On or about December 16, 2018, petitioner, DORIS A. SHAFFER, was a guest patron of the Greyhound Bus Company located at 1253 Florida Blvd. in East Baton Rouge, Louisiana. While conducting business at the bussing facility, suddenly and without warning she was

violently thrown to the ground after tripping over defendant, James R. Hester's, an employee of Greyhound Bus Company, discarded bag. Petitioner shows that while she was conducting business at the facility, defendant, James R. Hester, negligently abandoned his driver bag directly in her path and failed to give notice and/or warning that said equipment had been placed directly in her path of travel. Petitioner shows that immediately upon turning around to proceed forward, she fell over the discarded bag, fell violently to the ground wherein she sustained a fractured knee.

IV.

Petitioner avers that after she fell defendant, James R. Hester, came to her assistance and immediately apologized for having discarded his bag in her path without advising her that said bag had been placed in her path. James R. Hester petitioner up off the floor and to her vehicle. Due to the severe pain and discomfort sustained from the fall petitioner was immediately taken to the hospital by her husband, wherein the fractured knee was diagnosed, and medical treatment was rendered.

V.

As a result of the above accident, petitioner, DORIS ANN SHAFFER, suffered and continues to suffer multiple personal, psychological and emotional injuries of a past, present and continuing nature.

VI.

Petitioner, DORIS ANN SHAFFER, has undergone medical treatment since the accident and will undergo further medical treatment and has received a surgical recommendation. Petitioner is still limited from her normal activities and life as a result of the injuries sustained in the aforementioned accident.

VII.

The sole and proximate cause of Mrs. Shaffer's injuries and damages sustained was the joint, concurrent, successive, solidary negligence of the defendant(s), GREYHOUND BUS COMPANY, and/or the negligence of its agents and employees for whom it is vicariously liable, which negligence consisted of the following acts and/or omissions, to-wit:

      a.     failure to ensure that the pathway was clear;

      b.     failure to ensure that the pathway was free of personal and/or discarded items of employees ;

c.    failure to warn patrons to be aware of abandon luggage/bags;

d.    failure to observe and correct dangerous conditions placing a bag directly behind someone without their knowledge;

e.    failure to ensure that their drivers use safe practices when boarding and debus

f.    failure to enforce their drivers to put bags in a safe secure area away from walkways and passengers

g.    Greyhound's failure to ensure that the walkways remain clear to avoid trip hazards

h.    Any other acts and/or omissions resulting in negligence which may be proven at trial of this matter.

i.    Knowingly and intentionally created an unsafe facility

VIII.

DORIS ANN SHAFFER itemizes her damages in a non-exhaustive list below and contends that she is entitled recover for said damages as a result of the accident and injury proximately caused by the above described negligence of defendant(s) as follows, to-wit:

(a)    Past physical pain, suffering and discomfort

(b)    Past mental anguish, aggravation and annoyance

(c)    Disability

(d)    Future physical pain, suffering and discomfort

(e)    Future mental anguish, aggravation and annoyance

(f)    Past medical expenses

(g)    Future medical expenses

(h)    Loss of enjoyment of life

(i)    Loss of use/function of parts of body

(j)    Bodily disability

(k)    Impairment of psychological functioning

(l)    Disability from engaging in certain recreational activities;

(m)    Any other disability later determined in the course of medical treatment

IX.

Petitioner, ANTHONY R. SHAFFER, SR., because of the injury and accident to his wife, suffered and continues to suffer loss of her consortium, companionship, society and friendship in that she is not the same person that she was before the accident. Prior to the accident they had a very good and close relationship. After the accident they often got into fights, they do not have the same marital relationship that they had prior to the accident, and she becomes easily aggravated and annoyed causing dissent and discord in their family and marriage. The injury and accident caused their intimate marital relationship to change. Further, he was distressed at the prospect of her not being able to work and worried when their income decreased. Further, he has experienced mental anguish over his injury, and the prospect of future loss of income, means and livelihood.

X.

Petitioner, **ANTHONY R. SHAFFER, SR.**, because of the injuries sustained by his with, itemizes the damages to which he is entitled to-wit:

(a)    Deprivation of the companionship, love, affection, consortium, and society of her husband;

(b)    Grief, mental anguish and distress over her husband's injuries;

(c)    Grief, mental anguish and distress over her own injuries as a result of the accident and injuries to her husband;

(d)    Loss of support.

XI.

Petitioners strictly reserve the right to amend and supplement this petition as necessary concerning damages.

XII

Petitioners, **DORIS SHAFFER AND ANTHONY R. SAFFER, SR.**, desire to have this Honorable Court fix the fee for each and every expert witness they may be required to call or use to establish this cause and tax same as cost herein.

XIII.

GREYHOUND BUS COMPANY and XYZ INSURANCE COMPANY, are jointly, severally, solidary and vicariously liable and responsible to petitioner for the negligence and damages set forth above.

XIV.

XYZ INSURANCE COMPANY as insurer/agent provided a policy of insurance to defendant, GREYHOUND BUS COMPANY, and is jointly, severally, solidary and vicariously liable and responsible to petitioners for the acts and/or omissions of negligence and damages caused by its employees during the course and scope of said employee(s)' employment.

XV.

Defendant, XYZ INSURANCE COMPANY, provides a policy of liability insurance which covers for its negligence and liability and provide coverage for claimants such as Mrs. Shaffer under the circumstance. Said policy was in full force and effect at the time of this incident and it's the best evidence of what it purports to cover.

XVI.

Petitioner further specifically pleads the doctrine of res ipsa loquitur in that the accident and injuries and damages would not have occurred in absence of the negligence of defendants, James R. Hester, and GREYHOUND BUS COMPANY and/or its agents in negligently allowing the unreasonably safe condition to exist without warning to it patrons and specifically petitioner. Petitioner avers that defendant, James R. Hester and GREYHOUND BUS COMPANY and/or its agents knew or should have known of the potential danger that existed in its undisclosed discording of company equipment in the vicinity of its patrons.

XVII.

Pursuant to LSA-C.C.P. art. 893, plaintiffs reasonably and in good faith allege the claim herein exceeds the amount requisite for a jury trial.

XVIII.

Petitioners, **DORIS ANN SCHAFFER and ANTHONY R. SHAFFER,** avers amicable demand to no avail.

WHEREFORE, petitioners DORIS ANN SHAFFER and ANTHONY R. SHAFFER, SR., pray that defendants, James R. Hester, Greyhound Bus Company and XYZ Insurance Company, be cited and served and that after due proceedings are had there be judgment in favor of petitioner DORIS ANN SHAFFER and ANTHONY R. SHAFFER, against the defendants, jointly, severally, solidary and vicariously for such sums as are reasonable in the premises

together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND THAT ALL EXPERT WITNESSES FEES BE TAXED AS COSTS OF COURT AND FOR ALL GENERAL AND EQUITABLE RELIEF.

RESPECTFULLY SUBMITTED:

LORI D. BROWN (27190)
LAW OFFICES OF LORI D. BROWN, LLC
11616 SOUTHFORK DRIVE, SUITE 201
BATON ROUGE, LOUISIANA 70816
TELEPHONE: (225) 292-6994
FACSIMILE: (225) 291-6919

PLEASE SERVE:

GREYHOUND BUS COMPANY
Through its Corporate Office
205 South Lamar St.
Dallas, TX 75202

JAMES R. HESTER
At his place of employment
Greyhound Bus Station
1253 Florida Blvd.
Baton Rouge, Louisiana 70802